NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HELEN TOBIA, | : | CIVIL ACTION NO. 16-4850 (MLC) |
| | : | |
| | : | **MEMORANDUM OPINION** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LAKEWOOD BOARD OF EDUCATION (LBOE), et al. | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**COOPER, District Judge**

Plaintiff Helen Tobia brought this suit alleging various federal and state causes of action arising from her employment with the Lakewood Board of Education and her termination from that position. (Dkt. 4.)[1] The various claims are against the Lakewood Board of Education and its individual members (collectively "Defendant Board of Education") and Michael Azzara, the Fiscal State Monitor assigned by the State of New Jersey to oversee the finances of the Lakewood School District.

Plaintiff alleges that, between 2012 and 2015, she objected to numerous actions that she believed violated federal and state laws. She alleges that Defendants retaliated against her for voicing her concerns. Ultimately, she claims that Defendants filed Tenure Charges against her and terminated her position because of the actions she took against what she believed to

---

[1] The Court will cite to the documents filed on the Electronic Case Filing System ("ECF") by the designation of "dkt." Pincites reference ECF pagination.

be illegal conduct.  Plaintiff's appeal of her Tenure Charge proceedings remains ongoing in state court, and is currently pending before the New Jersey Superior Court, Appellate Division.  (Dkt. 8-2; dkt. 8-3.)

Defendant Board of Education filed a partial motion to dismiss.  (Dkt. 7.)  Defendant Azzara moved to dismiss.  (Dkt. 8.)  Plaintiff filed an opposition brief to each motion.  (Dkt. 10; dkt. 11.)  Defendant Board of Education (dkt. 12) and Defendant Azzara (dkt. 13) filed reply briefs.

We have considered all these filings, and will resolve the matter without oral argument.  See L.Civ.R. 78.1(b).

We are persuaded that abstaining is the proper course given the ongoing state proceedings.  We will stay and administratively terminate this federal action.  Upon the final resolution of the state proceedings, including the appellate process, Plaintiff may seek to reopen this action.  Because a stay, rather than dismissal, is the appropriate action to take when abstaining, we will deny without prejudice Defendant Board of Education's partial motion to dismiss (dkt. 7) and Defendant Azzara's motion to dismiss (dkt. 8).  The defendants may renew their motions to dismiss if this matter is reopened.

## BACKGROUND

We glean the following background from Plaintiff's Amended Complaint, which we accept as true at this stage in the pleadings.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff was a Supervisor of Social Studies, Fine Arts, and Pupil Personnel Services for the Lakewood School District.  (Dkt. 4 at 2.)  Defendants Ada Gonzalez, Zecheriah Greenspan, Jonathan Silver, and Yisrael Friedman served as Board Members for the

Lakewood Board of Education.  (Id. at 3.)  Defendant Michael Azzara was the Fiscal State Monitor of the Lakewood Board of Education.  (Id. at 2.)

The Board of Education hired Plaintiff as a part-time special education teacher in 1994.  (Id. at 6.)  From 1995 through 2016, Plaintiff served in various positions in the Lakewood School District.  (Id.)  At some point, Plaintiff was granted tenure.

Plaintiff alleges that, between 2012 and 2014, Defendant Board of Education demanded that she prevent any additional students from attending the School for Children with Hidden Intelligence—a private school for students with disabilities—due to the tuition cost borne by the School District.  (Id. at 9.)  Plaintiff refused to comply, and expressed her opinion that this was an unethical and illegal demand of her.  (Id.)  Defendant Board of Education also requested that Plaintiff contract with the Special Children's Center, a preschool program, but Plaintiff viewed the program as having an inflated tuition per student twice as high as other programs.  (Id.)  Plaintiff believed the high tuition rate was against state guidelines, but the Board of Education approved the rate anyway.  (Id. at 9–10.)  Plaintiff alleges that she was harassed and retaliated against for not complying with the wishes of the Defendant Board of Education and its Defendant Board Members.  (Id. at 10–14.)

In 2014, the Commissioner for the Department of Education appointed Defendant Azzara as the Fiscal State Monitor to oversee the finances of the School District.  (Id. at 14.)  Defendant Azzara directed Plaintiff to submit a report in 2014 to obtain funding for students to offset their tuition costs, but Plaintiff refused because she believed the District was not entitled to reimbursement under state guidelines.  (Id. at 15.)  Defendant Azzara directed Plaintiff to submit this report a second time in 2015.  (Id. at 17–18.)  Plaintiff alleges that she

3

was retaliated against for refusing to submit the report and expressing her disapproval, and ultimately that she was terminated from her position for this refusal.  (Id. at 18.)

In August 2015, Plaintiff was notified that Tenure Charges were being brought against her.  (Id. at 20.)  Plaintiff was suspended shortly thereafter.  (Id.)  Plaintiff alleges that these charges were "fabricated and false" and "were never thoroughly investigated for their accuracy and genuineness."  (Id. at 20–21.)  Plaintiff was officially terminated on February 4, 2016.  (Id. at 23.)  Plaintiff claims that she was subjected to the tenure proceedings, and ultimately terminated from her job, because she spoke out against practices by Defendants that she believed violated state and federal law and contravened the interests of the public school students in the Lakewood School District.  (Id. at 22.)

Plaintiff filed this federal action against the Lakewood Board of Education, individual Board Members, and Michael Azzara.  Specifically, Plaintiff alleges:

- all Defendants violated the New Jersey Conscientious Employee Protections Act (Count One);
- all Defendants deprived Plaintiff of her First Amendment rights by retaliating against her, in violation of 42 U.S.C. § 1983 (Count Two);
- breach of express and implied contract by all Defendants (Count Three);
- breach of good faith and fair dealing by all Defendants (Count Four);
- all Defendants retaliated against Plaintiff and created a hostile work environment, in violation of the New Jersey Law against Discrimination (Count Five);
- all Defendants deprived Plaintiff of her Equal Protection and Procedural Due Process rights, in violation of 42 U.S.C. §§ 1983 and 1985 (Count Six);
- wrongful termination in violation of public policy (Count Seven);
- intentional infliction of emotional distress by all Defendants (Count Eight); and
- defamation (Count Nine).

(Id. at 25–36.)

Plaintiff has since agreed to voluntarily dismiss multiple counts. As to the individual Board of Education Members, Plaintiff has agreed to dismiss Counts Three (breach of contract), Four (good faith and fair dealing), and Nine (defamation). (Dkt. 10 at 2.) As to the Board of Education, Plaintiff has agreed to dismiss Count Nine (defamation). (Id.) As to Azzara, Plaintiff has agreed to dismiss Counts Three (breach of contract) and Four (good faith and fair dealing). (Dkt. 11 at 3.)

## DISCUSSION

### I.  Standard of Review

In deciding whether or not to abstain from a case, where state proceedings are ongoing, federal courts must apply the doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971).

Defendant Azzara moved to dismiss the Complaint under both Rule 12(b)(1), lack of subject matter jurisdiction, and Rule 12(b)(6), failure to state a claim upon which relief may be granted. (Dkt. 8-1 at 2–4.) A Younger analysis is not strictly within either Rule 12(b)(1) or Rule 12(b)(6). Killion v. Coffey, No. 13-cv-1808, 2015 WL 7345749, at *3 (D.N.J. Nov. 19, 2015); Knox v. Union Twp. Bd. of Educ., No. 13-cv-5875, 2015 WL 769930, at *5 n.7 (D.N.J. Feb. 23, 2015). "[C]ourts have allowed Younger abstention challenges to be raised in both Rule 12(b)(6) or Rule 12(b)(1) motions '[b]ecause a motion to dismiss for lack of subject matter jurisdiction based on abstention does not fit neatly into either of the two types of jurisdictional attacks generally raised under Rule 12(b)(1)—the challenge is neither to the facial insufficiency of the complaint or the factual basis pleaded in the complaint[.]'" Killion,

2015 WL 7345749, at *3 (quoting Carter v. Doyle, 95 F. Supp. 2d 851, 855 n. 8 (N.D. Ill. 2000)).

The Third Circuit has explained though that the analysis is "in the nature of a 12(b)(6) motion in that matters outside of the pleadings are not to be considered."[2] Gwynedd Properties, Inc. v. Lower Gwynedd Twp, 970 F.2d 1195, 1206 n. 18 (3d Cir. 1992). As such courts in this District have treated Younger abstention as a Rule 12(b)(6) motion to dismiss. See, e.g., Killion, 2015 WL 7345749, at *3; Knox, 2015 WL 769930, at *5 n.7. We will do the same.

## II.   Parties' Arguments

Defendant Azzara asks us to abstain from exercising jurisdiction over this federal action under the principles set forth in Younger. He argues that the ongoing appellate process arising from the Tenure Charges filed against Plaintiff qualifies under Younger abstention. (Dkt. 8-1 at 5–6.) Defendant contends that the New Jersey appellate rules permit an individual to raise constitutional issues on appeal, even if those claims were not raised in the initial administrative matter. (Id. at 7–9.)

Plaintiff contends that Younger abstention is not warranted. Plaintiff's main argument is that she had no opportunity to raise federal constitutional claims in the Tenure Charges proceeding. (Dkt. 11 at 6.) Plaintiff disagrees with Defendant Azzara's interpretation of New

---

[2] We take judicial notice of the documents from the Tenure Charge proceedings appended to Defendant Azzara's motion to dismiss—including the opinion and award by the State of New Jersey Commissioner of Education (dkt. 8-2) and Plaintiff's Notice of Appeal and Civil Case Information Statement before the New Jersey Appellate Division (dkt. 8-3)—which both parties discuss and rely on. See Fed R. Evid. 201; Gwynedd Properties, Inc. v. Lower Gwynedd Township, 970 F.2d 1195, 1206 n.18 (3d Cir. 1992); Knox, 2015 WL 769930, at *5 n.7. We use these court documents for the limited purpose of noting the existence of the state judicial proceedings.

6

Jersey appellate rules.  (Id. at 8–9.)  She points to the Notice of Appeal (dkt. 8-3), and notes that no retaliation or constitutional claims were raised during the Tenure Charge proceedings.  (Id. at 7.)  Plaintiff argues that Defendant's argument is akin to requiring Plaintiff to have exhausted her available administrative remedies, which is improper, because exhaustion is not required in § 1983 suits.  (Id. at 7.)

**III.   Analysis**

"The federal courts have a virtually unflagging obligation" to adjudicate claims within their jurisdiction.  Deakins v. Monaghan, 484 U.S. 193, 203 (1988) (internal quotations and citations omitted).  An exception to that rule, however, was established in Younger v. Harris, which held that federal courts should abstain when federal adjudication would disrupt an ongoing state criminal proceeding.  401 U.S. 37, 43–54 (1971).

Younger and its progeny "espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Younger abstention is rooted in principles of federalism and comity for state courts.  Younger, 401 U.S. at 44.  Additionally, according to the "basic doctrine of equity jurisprudence . . . courts of equity should not act . . . when the moving party has an adequate remedy at law" in a state court proceeding.  Id. at 43.  Abstention from exercising federal jurisdiction though is the "exception, not the rule."  Sprint Communications, Inc. v. Jacobs, 134 S. Ct. 584, 588, 593 (2013) (internal quotation omitted).

Younger involved state criminal proceedings; however, the "principle has been extended to civil proceedings and state administrative proceedings."  Yang v. Tsui, 416 F.3d

7

199, 201 (3d Cir. 2005); see also Middlesex County Ethics Comm., 457 U.S. 423 (finding abstention appropriate pending state bar disciplinary proceeding). Abstention is also appropriate when the state civil or administrative proceedings "are akin to criminal prosecutions" or "implicate a State's interest in enforcing the orders and judgments of its courts." Sprint, 134 S. Ct. at 588. This includes state administrative tenure-revocation proceedings. Williams v. Red Bank Bd. of Educ., 662 F.2d 1008, 1016–17 (3d Cir. 1981).

The Supreme Court has identified three factors for federal courts to consider in evaluating whether abstention is appropriate: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims. Middlesex County Ethics Comm., 457 U.S. at 432. The Supreme Court recently clarified that "[t]he three Middlesex conditions recited above were not dispositive; they were, instead, additional factors appropriately considered by the federal court before invoking Younger." Sprint, 134 S. Ct. at 593. Considering these factors, we find that abstention is warranted in this federal action while there are ongoing state proceedings.

First, we find that there is an ongoing state administrative proceeding that is judicial in nature. Tenure Charges were filed against Plaintiff, and after a hearing, it was determined that Plaintiff's termination was warranted. (Dkt. 8-2.) Plaintiff is still contesting the matter, and has filed an appeal before the New Jersey Superior Court, Appellate Division, which remains ongoing. (Dkt. 8-3.) An administrative proceeding following Tenure Charges against a teacher qualifies as a state proceeding sufficiently akin to criminal prosecution within the Younger doctrine. Williams, 662 F.2d at 1016–17. Further, the Supreme Court and the Third

8

Circuit have suggested, without deciding, that an administrative proceeding and subsequent state-court review of that proceeding consist a single unitary process for Younger abstention. Sprint, 134 S. Ct. at 592 ("We will assume without deciding, as the Court did in [New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350 (1989)], that an administrative adjudication and the subsequent state court's review of it count as a 'unitary process' for Younger purposes."); ACRA Turf Club v. Zanzuccki, 748 F.3d 127, 138 n.9 (3d Cir. 2014) (following Supreme Court approach of assuming that state administrative proceeding and subsequent state-court review are part of single unitary process under Younger (citing Sprint, 134 S. Ct. at 592)); see, e.g., Bongiorno v. Lalomia, 851 F. Supp. 606, 612 (D.N.J. 1994), aff'd, 39 F.3d 1168 (3d Cir. 1994). We likewise will follow that approach, and will apply the Younger doctrine to a matter pending before the Appellate Division seeking review of a Tenure Charge determination.

We also find that the second factor counsels in favor of abstention. Tenure and disciplinary actions impact important interests for the State of New Jersey. See Williams, 662 F.2d at 1008; Knox, 2015 WL 769930, at *6. Plaintiff does not contest this factor.

The third factor raises the most dispute between Defendant Azzara and Plaintiff, and we agree it is key to our determination. Both parties argue about the extent to which constitutional claims can be raised in an appeal in New Jersey courts. But in determining whether Plaintiff has an opportunity to raise her claims in the state proceeding, we are more concerned with the underlying factual claims that Plaintiff raises more so than the legal claims, such as liability and remedy. Many of the factual allegations that Plaintiff makes, which would be key to establishing a deprivation of her constitutional rights, rely on factual

9

questions that can be resolved in the ongoing state proceedings. We recognize though that other courts have indicated that the relief sought in federal court and whether that relief is available in the state proceeding is an important factor in considering the appropriateness of abstention. See Prevost v. Twp. of Hazlet, 159 F. App'x. 396, 398 (3d Cir. 2005).[3]

Plaintiff seeks monetary damages for the deprivation of constitutional rights (Counts Two and Six). Although seeking different relief than the state proceedings, the federal claims alleged in the Amended Complaint raise factual issues that may still be resolved in the ongoing state proceedings. The adverse action and retaliation that Plaintiff alleges Defendants took is (in large part) the Tenure Charges filed. For example, Plaintiff alleges that the Tenure Charges were "fabricated and false" and "pre-textual." (Dkt. 4 at 20–21.) Plaintiff's alleged deprivation of her First Amendment rights in the § 1983 claim (Count 2) includes, in part, "the LBOE Defendants, including, in particular, Defendant Azzara, preparing and prosecuting false Tenure Charges against Plaintiff and wrongfully terminating her." (Id. at 27.) Plaintiff continues this argument in her response brief, including referring to the tenure proceedings as "a sham and completely tainted." (Dkt. 11 at 9–12.) All these factual allegations that form the basis for Plaintiff's constitutional claims are still at issue in the ongoing state proceedings.

Were we not to abstain, resolving Plaintiff's federal claims would involve encroaching on matters and disputes that are at issue and will be resolved in the ongoing state proceedings.

---

[3] Prevost is also distinguishable from the present matter because, unlike here, Prevost's appeal of the administrative determination (which was ongoing when the district court abstained) was finalized by the time the Third Circuit reversed and determined that abstention was not warranted. Prevost, 159 F. App'x at 398.

10

More than merely arising from the same factual circumstances, the disputed facts in the federal claims here are directly tied to what is being litigated in the ongoing state proceedings. We are mindful that the specific monetary relief sought in this federal suit is unavailable to Plaintiff in the state proceedings, but we find that the state proceedings do provide Plaintiff with a forum to adjudicate the disputed factual allegations claimed in her federal suit. The state proceedings provide an adequate opportunity for Plaintiff to contest the appropriateness of her termination and, specifically, whether the charges brought against her were in fact fabricated by Defendants. See Middlesex County Ethics Comm., 457 U.S. at 432. The New Jersey state court system is equipped to resolve Plaintiff's contentions that the basis for the Tenure Charges against her were pre-textual and manufactured. In our view, whether or not there were fabrications and false claims in the Tenure Charges against Plaintiff is a question that will be resolved in the state proceedings. We do not wish to interfere with those ongoing proceedings by simultaneously litigating those identical factual questions in federal court.[4]

Weighing the three factors, we conclude that the principles of Younger warrant abstention in this situation. Although Defendant Board of Education did not include a Younger argument in their partial motion to dismiss (dkt. 7), we apply our ruling invoking Younger abstention to the matter as a whole. See O'Neill v. City of Philadelphia, 32 F.3d 785, 786 n.1 (3d Cir. 1994) (indicating that courts may raise sua sponte the question of whether Younger abstention applies).

---

[4] We also note that our abstention does not put a burden on Plaintiff to exhaust any remedies, contrary to her objections. It is merely a precautionary measure by this court to prevent the interference with ongoing state proceedings.

We, however, must deny without prejudice the motions to dismiss because dismissal is not the appropriate relief.  Rather than dismiss theAmended Complaint, we will stay and administratively terminate this federal action pending the final outcome of the state administrative proceedings.  See Gwynedd, 970 F.2d at 1204 & n.14 (stating in Younger context that district court is without discretion to dismiss, rather than stay, monetary-relief claim that may not be redressed in state proceeding); Bongiorno, 851 F.Supp. at 616–17 (staying action, rather than dismissing complaint, as monetary-damage claim might not be resolved in pending state proceeding).  The stay shall remain in effect until the completion of the appellate process, including any discretionary review by the New Jersey Supreme Court. See Prevost, 159 F. App'x at 398 (noting that rather than dismissing the case after abstaining, the district court could have stayed the federal suit pending the conclusion of the appeal of the state proceedings).

Following final resolution of the Tenure Charges, Plaintiff may seek to reopen this action and to amend her allegations to reflect the outcome of the state proceedings.  As we deny without prejudice the motions to dismiss, all defendants may then renew their motions at that later juncture.

## CONCLUSION

For the reasons stated above, we deny Defendant Azzara's motion to dismiss without prejudice and deny Defendant Board of Education's partial motion to dismiss without prejudice.  We will direct the Clerk of the Court to stay and administratively terminate the matter.

We will enter an appropriate order and judgment.

                                          s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge

**Dated:**  March 31, 2017